[No. 11841. Department Two. — December 7, 1887.]

In the Matter of the Estate of STEPHEN W. DICK, Deceased.

Specific Performance— Contract Executed by Agent— Approval by Principal. —A written contract for the sale of real estate executed by an agent of the owner, upon the express condition that it was subject to his approval, cannot after his death be specifically enforced against his personal representative, if he did not approve the contract before his death.

Appeal from an order of the Superior Court of the city and county of San Francisco, directing the executrix of the will of a deceased person to convey certain real estate.

The facts are stated in the opinion of the court.

*William & George Leviston*, for Appellant.

*Mich. Mullany*, for Respondent.

Sharpstein, J. — This is an appeal by the executrix of the will of Stephen W. Dick, deceased, from an order and decree of the superior court directing appellant to convey certain real estate, of which the testator died seised, to Charles Mayer.

The sole authority for making such a decree is found in chapter 9, title 11, Code of Civil Procedure, which contains this provision: —

"When a person, who is bound by contract in writing to convey any real estate, dies before making the conveyance, and in all cases when such decedent, if living, might be compelled to make such conveyance, the court may make a decree authorizing and directing his executor or administrator to convey such real estate to the person entitled thereto." (Code Civ. Proc., sec. 1597.)

The only question raised by this appeal is, Was the decedent in his lifetime bound by a contract in writing

to convey any real estate to the respondent,—i. e., so bound that he might, if living, be compelled to make such conveyance? An agreement for the sale of real property or of an interest therein is invalid, unless the same or some note or memorandum thereof be in writing and subscribed by the party to be charged, or by his agent, and if made by his agent, is invalid unless the authority of the agent be in writing, subscribed by the party sought to be charged.

In this case it is claimed that the agreement to sell, or the memorandum thereof, was made by the agents of decedent.

Conceding that they were duly authorized to sell, and that the writing which is relied on as an agreement to sell was subscribed by them as such agents, recourse must be had to the writing itself, for the purpose of determing whether the decedent, at the time of his death, was bound to convey any real estate to the respondent. The following is a copy of the agreement made by said agents: —

M. J. Burke.                        F. H. Burke.
Office of Madison and Burke, Real Estate Agents, 401 and 403 Montgomery Street, Northwest Corner California.
San Francisco, April 5, 1886.

Received of Charles Mayer one hundred ($100) dollars, being deposit on account of four thousand ($4,000), United States gold coin, the purchase price of the property this day sold to him, subject to the owner's approval, and being in the city and county of San Francisco, and state of California, and described as follows: Lot on the northwest corner of Guerrero and Twenty-second streets, 61 feet on Guerrero Street by 117½ feet, more or less, to an alley.

Terms of sale: Ten days are allowed to examine title and consummate the sale. At the termination of said time the balance of said purchase-money is due and payable upon tender of the deed of the property sold; if the title is defective, thirty days are allowed to perfect the

same; and if after the expiration of said term, unless extended by mutual consent, the title shall not have been perfected, the deposit is to be returned. The purchaser agrees to pay the taxes on said property sold for the fiscal year 1886,—from July 1, 1886, to July 1, 1887.

If the sale is not consummated according to the foregoing conditions, the deposit is to be forfeited. Time is of the essence of this contract. The said Charles Mayer hereby agrees to comply with the conditions of this contract.

Sale to be consummated at the office of Madison and Burke.                    S. W. DICK.
                              By MADISON & BURKE, Agents.
                                             MARTIN.

A counterpart of it was signed by the respondent. This constitutes the memorandum of the contract subscribed by the agents of the party to be charged, and unless it bound the decedent in his lifetime to convey the property described in it, the decree appealed from is erroneous.

No proceedings in specific performance can be had unless it be shown that a contract has actually been concluded. This contract was made " subject to the owner's approval." It is not claimed that he ever signified his approval of it in any way. He died within a few days after it was made, and it is not shown that he ever knew of its existence. He did not have an opportunity to approve of it. We think the contract relied on as the basis for a decree of specific performance has never been concluded, and for that reason we think the decedent in his lifetime was not bound by an instrument in writing to convey the real estate described in the decree herein.

Order and decree appealed from reversed.

McFARLAND, J., and THORNTON, J., concurred.

Hearing in Bank denied.